UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ADAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN MATEO, a municipal entity, et al.,<br><br>　　　　　Defendants. | No.  2:14-cv-0265 JAM DAD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, Mark Adams, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and has filed a motion to file documents electronically.

　　　　Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

1  examine any application for leave to proceed in forma pauperis to determine whether the
2  proposed proceeding has merit and if it appears that the proceeding is without merit, the court is
3  bound to deny a motion seeking leave to proceed in forma pauperis.").

4  Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of
5  poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to
6  state a claim on which relief may be granted, or seeks monetary relief against an immune
7  defendant. See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an
8  arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
9  Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a
10 complaint as frivolous where it is based on an indisputably meritless legal theory or where the
11 factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

12 To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
13 state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
14 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as
15 true the material allegations in the complaint and construes the allegations in the light most
16 favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
17 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
18 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
19 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true
20 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western
21 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

22 The minimum requirements for a civil complaint in federal court are as follows:

23
> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

26 FED. R. CIV. P. 8(a).

27 Here, in his complaint plaintiff alleges eight causes of action and seeks "$1 Million
28 Dollars" in compensatory damages and "$1 Million Dollars" in punitive damages.  (Compl. (Dkt.

No. 1) at 13.)  The first, third, fourth, fifth, sixth and seventh causes of action identified in the complaint, however, allege facts implicating plaintiff's various civil and criminal matters in state court and name as the defendants various state court judges, state court personnel and the San Mateo County District Attorney's Office.  Specifically, in his complaint plaintiff makes the following allegations:  (1) on September 26, 2010, "the [d]efendant Superior Court Judge of San Mateo County named Judge John Grandseart . . . deprived" plaintiff of his "right to obtain Brady discovery" to prove his "factual innocence in a trial court proceeding;" (2) "since April 2005, the Superior Court of San Mateo County has established a pattern and practice" of discriminating against plaintiff "in an ongoing family law case;" (3) in April of 2010 the San Mateo County Human Services Agency, Sheriff's Department, District Attorney's Office, Family Court Services and Superior Court negligently misrepresented facts, depriving plaintiff of his "factual innocence in CASE# SPA000743A;" (4) since "April 2012" there has been a "pattern and practice of racial discrimination . . . by judges and County employees" to block plaintiff from "fair access to a hearing;" (5) "two County of San Mateo Sheriff's officers appeared as witnesses" and made fraudulent "statements during factual innocence hearings in CASE# SP000743A;" and (6) "Judge DuBois" deprived plaintiff of his right to due process by continuing the hearing of plaintiff's motion for a change of venue and striking his motion to disqualify Judge DuBois from hearing plaintiff's family law matter.  (Compl. (Dkt. No. 1) at 5-12.)

All of these causes of action presented in plaintiff's complaint, however, are deficient in several respects.  First, under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well.  Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

/////

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164). See also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158). See also Exxon, 544 U.S. at 286 n. 1 (stating that "a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court

1   to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n.
2   16, 485).

3   Moreover, the Younger abstention doctrine generally forbids federal courts from
4   interfering with ongoing state judicial proceedings. See Younger v. Harris, 401 U.S. 37, 53-54
5   (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992). Thus, Younger abstention is
6   appropriate when state proceedings of a judicial nature: (1) are ongoing; (2) implicate important
7   state interests; and (3) provide an adequate opportunity to raise federal questions. Middlesex
8   County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Gilbertson v.
9   Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc). State judicial proceedings involving
10  domestic relations implicate important state interests. See Ankenbrandt v. Richards, 504 U.S.
11  689, 703-04 (1992) (holding that the domestic relations exception to federal subject matter
12  jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody
13  decrees); Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (affirming abstention where the case
14  raised constitutional issues but was "at its core a child custody dispute"); Peterson v. Babbitt, 708
15  F.2d 465, 466 (9th Cir. 1983) (finding abstention appropriate despite the presence of
16  constitutional issues where the plaintiff sought visitation with children who were wards of the
17  state court). The Younger abstention doctrine also forbids federal courts from interfering with
18  pending state criminal proceedings by granting injunctive or declaratory, absent extraordinary
19  circumstances that create a threat of irreparable injury. See Younger, 401 U.S. at 53-54;
20  Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992).

21  Additionally, in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme
22  Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional
23  conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence
24  has been reversed on direct appeal, expunged by executive order, declared invalid by a state
25  tribunal authorized to make such determination, or called into question by a federal court's
26  issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

27  Finally, as to the individual defendants named within plaintiff's causes of action, judges
28  acting within the course and scope of their judicial duties are absolutely immune from liability for

damages. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). A state prosecutor also has absolute immunity for initiation and pursuit of criminal prosecutions, including presentation of case at trial. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). Finally, court personnel have absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process. Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996); In re Castillo, 297 F.3d 940, 952 (9th Cir. 2002).

Review of the second cause of action presented in plaintiff's complaint results in the conclusion that it too is deficient. Plaintiff's second cause of action attempts to allege a "RICO" claim. (Compl. (Dkt. No. 1) at 6.) To state a cognizable RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to plaintiff's business or property. Sanford v. Memberworks, Inc., 625 F.3d 550, 557 (9th Cir. 2010); Walter v. Drayson, 538 F.3d 1244, 1247 (9th Cir. 2008); Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996). The alleged enterprise must exist "separate and apart from that inherent in the perpetration of the alleged [activity]." Chang v. Chen, 80 F.3d 1293, 1300-01 (9th Cir. 1996). A "pattern of racketeering activity" means at least two criminal acts enumerated by statute. 18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and financial institution fraud). These so-called "predicate acts" under RICO must be alleged with specificity in compliance with Rule 9(b) of the Federal Rules of Civil Procedure.[1] Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400-01 (9th Cir. 2004); see also Lancaster Community Hospital v. Antelope Valley Hospital Dist., 940 F.2d

---

[1] Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). See also Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); Miscellaneous Serv. Workers, Drivers & Helpers v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981) (affirming the district court's dismissal of the plaintiffs' deceit and misrepresentation claims where plaintiffs failed to allege with sufficient particularity the content of the false representations and identities of the parties to the misrepresentations). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" Swartz, 476 F.3d at 765 (quoting Moore v. Kayport Package Express, 885 F.2d 531, 541 (9th Cir.1989)).

6

1  397, 405 (9th Cir. 1991) (holding with respect to the predicate act of mail fraud that a plaintiff
2  must allege with "particularity the time, place, and manner of each act of fraud, plus the role of
3  each defendant in each scheme"); Alan Neuman Productions, Inc. v. Albright, 862 F .2d 1388,
4  1392-93 (9th Cir. 1988).

5  The allegations of plaintiff's complaint made in support of the second cause of action,
6  however, are vague and conclusory, and lack the required specificity and particularity.  In this
7  regard the complaint in conclusory fashion alleges merely that from April 2005 through April
8  2013, the San Mateo County Sherriff's Office, the San Mateo County Human Services Agency,
9  the San Mateo County Superior Court and the Sam Mateo County Family Court Services were
10 "negligently misrepresenting or omitting facts" from plaintiff's citizen complaints made against
11 his former spouse and his former girlfriend and that on May 2, 2012, an employee of the San
12 Mateo County Family Court Services "omitted facts about" plaintiff's former spouse "in an
13 official report that was used in a legal proceeding by the Superior Court of San Mateo County."
14 (Compl. (Dkt. No. 1) at 6-7.)  Under the legal standards set forth above, such allegations are
15 clearly insufficient to state a cognizable RICO claim.

16 Finally, the complaint's eighth cause of action purports to assert a claim against the San
17 Carlos Unified School District based on an alleged "conspiracy to deprive [plaintiff's] family
18 relationships the right to lawfully and freely associate at a new school . . . in violation of their 1st
19 Amendment Rights" and allegations that the "SCUSD and Alison Liner . . . allowed other white
20 students  . . . to racially discriminate, harass, physically assault, haze, intimidate" and harm
21 plaintiff's children "in violation of their equal protection rights under the 14th Amendment . . ."[2]
22 (Id. at 12.)

23 However, "school districts in California are immune from § 1983 claims by virtue of
24 Eleventh Amendment immunity."  Corales v. Bennett, 567 F.3d 554, 573 (9th Cir. 2009).  See
25 also Cole v. Oroville Union High School Dist., 228 F.3d 1092, 1100 n. 4 (2000); Belanger v.
26 Madera Unified Sch. Dist., 963 F.2d 248, 254 (9th Cir. 1992).  In general, the Eleventh

---

28 [2] The court notes that Alison Liner is not named as a defendant in plaintiff's complaint.

1  Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or
2  congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984);
3  Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama
4  Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also
5  Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir.
6  2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of
7  relief, absent unequivocal consent by the state.").
8       To be a valid waiver of sovereign immunity, a state's consent to suit must be
9  "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996). See
10 also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no
11 consent by implication or by use of ambiguous language." United States v. N.Y. Rayon
12 Importing Co., 329 U.S. 654, 659 (1947).  Courts must "indulge every reasonable presumption
13 against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must
14 be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory]
15 language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations,
16 ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable
17 for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously
18 to such monetary claims ." Lane, 518 U.S. at 192. The Ninth Circuit has specifically recognized
19 that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to
20 claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not
21 intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dept. of
22 Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020,
23 1025-26 (9th Cir. 1999)).
24      It also appears from reading the allegations found in the complaint that plaintiff is alleging
25 a §1983 claim based, at least in part, on the alleged violation of the rights of his children,
26 something he cannot do. See Allen v. Wright, 468 U.S. 737, 755 (1984) (holding parents lack
27 standing to challenge IRS procedures allowing racially discriminatory schools to have exempt
28 status on the basis of "stigmatizing injury often caused by racial discrimination" because "such

injury accords a basis for standing only to 'those persons who are personally denied equal treatment' by the challenged discriminatory conduct"); D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 43 (1st Cir. 2012) ("To establish a First Amendment retaliation claim a plaintiff must first prove that (1) he . . . engaged in constitutionally protected conduct, (2) he . . . was subjected to an adverse action by the defendant, and (3) the protected conduct was a substantial or motivating factor in the adverse action."); Springer v. Durflinger, 518 F.3d 479, 483 (7th Cir. 2008) ("To prevail on their § 1983 retaliation claim, the parents need to prove (1) that they were engaged in constitutionally protected speech; (2) that public officials took adverse actions against them; and (3) that the adverse actions were motivated at least in part as a response to the plaintiffs' protected speech."); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"); Jones v. Beverly Hills Unified School Dist., No. WD CV 08-7201-JFW (PJW), 2010 WL 1222016, at *4 n. 8 (C.D. Cal. Mar. 7, 2010) (concluding that parent did not have standing to bring retaliation claim based on deprivation of opportunity to watch daughter play basketball and suffering from disappointment of daughter not making the team); Morgan v. City of New York, 166 F.Supp.2d 817, 819 (S.D. N.Y. 2001) (granting a motion to dismiss a parent's complaint brought pursuant to § 1983 because there was no indication that the parent "suffered any harm other than emotional distress due to the alleged discrimination against her daughter."); Natriello v. Flynn, 837 F. Supp. 17, 19 (D.Mass.1993) ("Therefore, only the person toward whom the state action was directed, and not those incidentally affected may maintain a § 1983 claim.").

For all the reasons set forth above, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

The undersigned has carefully considered whether plaintiff may amend his pleading to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the

obvious deficiencies of the complaint filed by plaintiff in this action as noted above, the court finds that it would be futile to grant plaintiff leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 29, 2014 motion to file electronically (Dkt. No. 2) be denied without prejudice as having been rendered moot;

/////

2. Plaintiff's January 29, 2014 application to proceed in forma pauperis (Dkt. No. 3) be denied;

3. Plaintiff's January 29, 2014 complaint (Dkt. No. 1) be dismissed without leave to amend; and

4. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 4, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\adams0265.ifp.den.f&rs